WO MGD

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Adam Paul Blomdahl,
Plaintiff,
v.
David Shinn, et al.,
Defendants.

No. CV-23-00772-PHX-SHD (DMF)

**ORDER**

Plaintiff Adam Paul Blomdahl, who is confined in the Arizona State Prison Complex-Lewis, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis (IFP). Defendant Ramos has filed a Motion to Dismiss based on false allegations of poverty in Plaintiff's IFP affidavit.[1] (Doc. 67.) Plaintiff was informed of his rights and obligations to respond (Doc. 69), and he opposes the Motion. (Doc. 77.)

The Court will grant the Motion to Dismiss.

**I. Legal Standard**

When bringing an action, a prisoner must either pay the $350.00 filing fee and a $55.00 administrative fee in a lump sum or, if granted the privilege of proceeding IFP, pay the fees incrementally as set forth in 28 U.S.C. § 1915(b)(1). An IFP application requires an affidavit of indigence and a certified copy of the prisoner's trust account statement (or institutional equivalent) for the six months preceding the filing of the Complaint. 28 U.S.C.

[1] Defendant Ramos is the only remaining Defendant in this action.

§ 1915(a)(2).

When a prisoner brings a civil action without prepayment of fees, the court "*shall* dismiss the case at any time if the court determines that the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A) (emphasis added). "Congress amended th[is] statute in 1996 to substitute the mandatory 'shall' for the permissive 'may' [regarding] the court's authority and responsibility to dismiss a case when the plaintiff's allegation of poverty is found to be untrue." *Salat v. Wilson*, No. 216CV03018APGPAL, 2017 WL 4269958, at *1 (D. Nev. Sept. 26, 2017), *report and recommendation adopted*, No. 216CV03018 APGPAL, 2017 WL 5615572 (D. Nev. Nov. 21, 2017); *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice"); *Castillo v. Blanco*, 330 F. App'x 463, 467 (5th Cir. 2009) ("under the statute the dismissal was appropriate any time the court determined that the allegation of poverty was untrue").

"The purpose of section 1915(d) is not to punish litigants whose affidavits contain insignificant discrepancies, but to weed out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth." *Matthews v. Gaither*, 902 F.2d 877, 881 (11th Cir. 1990); *see Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) ("care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able . . . to pull his own oar"). The Ninth Circuit further recognizes that district courts "have inherent power to dismiss an action when a party has willfully deceived the court . . . ." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).

## II. Discussion

In May 2023, Plaintiff filed his original Complaint but did not pay the filing fees or file an IFP Application. On June 27, 2023, the Court ordered Plaintiff to either pay the filing and administrative fees or file an IFP Application with an affidavit of indigence and a certified six-month trust account statement. (Doc. 4.) In an IFP Application dated

October 15, 2023, Plaintiff attested that he was unable to pay the filing fees for these proceedings, that he was not currently employed in prison, and he did not receive any other payments from the prison. (Doc. 17.) As for other sources of income or assets, Plaintiff stated he had a "fiduciary contact w/ (V.A.) Veterans Affairs at about $150 month." (*Id.*) In an Order dated March 20, 2024, the Court granted Plaintiff's October 15, 2023, IFP Application and did not assess an initial partial filing fee. (Doc. 26.)

Defendant asserts that contrary to Plaintiff's sworn IFP filings attesting to either $100 or $150 a month in veterans' benefits, Plaintiff has a six-figure account outside prison that he has used to pay expenses, including litigation costs in other cases. (Doc. 67 at 1.) Defendant presents evidence that when Plaintiff sought to depose corrections officers in this case, he produced a statement from an outside account to prove he could pay for the depositions, and that statement showed balances between $129,000 and $137,000 in 2023, when Plaintiff filed this lawsuit and IFP affidavits. (Doc. 68 ¶ 8, citing Ex. 1 at 65 (Pl. Dep. taken July 7, 2025 (Doc. 68-1 at 12) and Ex. 2 (account statement for period May 1, 2023 through Oct. 30, 2023).) At his deposition, Plaintiff admitted he had the outside account for years, describing it as the "life savings" he accumulated before going to prison. (*Id.* ¶ 10, citing Ex. 1 at 65 (Doc. 68-1 at 12).) When asked how he could claim poverty in his IFP filings given this account, Plaintiff testified:

> I have this appointment through the VA to manage my funds for competency issues on one hand. But on the other hand, I don't have readily access to those funds to just pay the filing fees straight up. And so what I had -- what I had done was I filed the [IFP] to get the filing fee, and I don't really remember if I had disclosed exactly how much money I had. It was a process . . . . I don't know how to access my fiduciary straight up to transfer a whole amount of money outside of [IFP]. . . . I don't know how to pay a filing fee in the court straight up from my fiduciary.

(Doc. 68-1 at 13 (Pl. Dep. at 66:4-20).) Plaintiff further explained that he did not have his electronic tablet to contact his fiduciary at the time he filed his IFP application, but at the time of his deposition in 2025, he had his tablet again "so I can communicate with her in a way and easily get a form, get an approval for an external withdrawal, I think, is the way

to do that, and then have her cover the expenses that way."[2] (*Id.* at 13-14 (Pl. Dep. at 66:23-67:4).)

Plaintiff does not dispute that he had funds to pay the filing and administrative fees but contends he lacked access to those funds at the time he needed to pay his Court filing fees in this action. Nevertheless, Plaintiff did not disclose to the Court that he had any outside funds making his allegation of poverty in his IFP application untrue. Accordingly, the Court must dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(A), regardless of the lack of bad faith apparent here.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant's Motion to Dismiss (Doc. 67), and the Motion to Dismiss is **granted**.

(2) Plaintiff's in forma pauperis status (Doc. 26) is **revoked**.

(3) Plaintiff's First Amended Complaint (Doc. 28) and this action are **dismissed without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(A). The Clerk of Court shall enter judgment accordingly and close this case.

Dated this 24th day of August, 2026.



Honorable Sharad H. Desai
United States District Judge

---

[2] Defendant explains that Arizona prisoners are issued computer tablets that allow them to send and receive e-mail messages subject to screening by prison officials, and Plaintiff communicated with the account manager for his outside account on a regular basis. (Doc. 68 ¶¶ 13-14, citing Ex. 2 (account statement) and Ex. 3 (messages between Plaintiff and account manager).)